UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL HOWARD HUNTER,<br><br>Petitioner,<br><br>vs.<br><br>CHRISTOPHER RHAY, WILLIAM BARR, DONALD J. TRUMP, KRISTI NOEM,<br><br>Respondents. | 4:20-CV-04136-KES<br><br><br>ORDER GRANTING PETITIONER'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND ORDER DISMISSING PETITION |

Petitioner, Michael Howard Hunter, filed a petition for writ of mandamus under 28 U.S.C. §§ 1331 and 1361. Docket 1. Hunter moves for leave to proceed in forma pauperis and for recusal. Docket 2. He also moves for an ex parte emergency preliminary injunction. Docket 4.

## I.   Motion for Recusal

Hunter moves for the recusal of "any United States Judge" who is a member of the Republican Party or if he or she voted for Donald Trump in the 2016 Presidential Election. Docket 2 at 1. "A judge must recuse from 'any proceeding in which [the judge's] impartiality might reasonably be questioned.' " *United States v. Melton,* 738 F.3d 903, 905 (8th Cir. 2013) (alteration in original) (quoting 28 U.S.C. § 455(a)). This standard is objective and questions " 'whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case.' " *Id.* (quoting *Moran v. Clarke,* 296 F.3d 638, 648 (8th Cir. 2002)). The party that introduces the motion

for recusal "carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003) (internal quotation omitted). The party must show "that the judge had a disposition so extreme as to display clear inability to render fair judgment." *Melton*, 738 F.3d at 905 (internal quotation omitted).

Hunter has not met this burden. He cannot seek to disqualify a United States District Court Judge based only on his or her registered political party because the judiciary is a nonpartisan branch of government. A judge acting in his or her official judicial capacity is also nonpartisan. Hunter has not shown that a judge has acted in such an extreme manner to "display [a] clear inability to render fair judgment" as required by *Melton*. Hunter's motion for recusal (Docket 2) is denied.

## II.   Motion to Proceed Without Prepayment of Fees

Hunter moves for leave to proceed in forma pauperis. Docket 2 at 1. Suits brought in forma pauperis requires the plaintiff to demonstrate financial eligibility to proceed without prepayment of fees. *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982); *see Lundahl v. JP Morgan Chase Bank*, No. 5:17-CV-05069-LLP, 2018 WL 3682503, at *1 (D.S.D. Aug. 2, 2018). A person may be granted permission to proceed in forma pauperis if he or she "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(l). The litigant is not required to demonstrate absolute destitution, and the determination

of whether a litigant is sufficiently impoverished to qualify to so proceed is committed to the court's discretion. *Lee v. McDonald's Corp.*, 231 F.3d 456, 458-59 (8th Cir. 2000); *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983); *see Babino v. Janssen & Son*, No. 4:17-CV-04117-LLP, 2017 WL 6813137, at *1 (D.S.D. Oct. 12, 2017). In light of the information Hunter has provided in his financial affidavit (Docket 2 at 2), this court finds that he may proceed in forma pauperis. Because Hunter has been granted leave to proceed in forma pauperis, his petition will be screened under 28 U.S.C. § 1915(e).

### III.    28 U.S.C. § 1915(e) Screening

#### A.    Factual Background

Hunter claims that Charles Rhay, Director of the Federal Bureau of Investigation, is biased and is purposefully not pursuing federal prosecutions or investigations. Docket 1 at 2. He alleges that William Barr, United States Attorney General, is guilty of several federal crimes. *Id.* Hunter claims that President Donald J. Trump is dictating and influencing the actions of Rhay and Barr. *Id.* at 2-3. He alleges that "Trump has also conspired with his appointed Postmaster General over the United States mail[] to delay, hinder, and obstruct the delivery of petitioner's mail[.]" *Id.* at 6.

He accuses Trump of being guilty of murder based on how Trump has handled the COVID-19 pandemic in the United States. *Id.* at 10-11. Hunter claims that Kristi Noem, Governor of the state of South Dakota, "loves [T]rump" and knows that Trump's "actions and inactions result[ed] in the spread of th[e] deadly virus to the citizens of South Dakota[.]" *Id.* at 12. Hunter calls Trump

and Noem's alleged actions as the campaign to " 'Make America and South Dakota [S]ick Again' " because they have refused to mandate mask wearing. *Id.*

Hunter seeks to have Barr recuse himself and resign. *Id.* at 16. He asks that Barr hand over copies of Trump's medical and tax records, as well as a copy of the "report completed by [the] Special Council[.]" *Id.* Hunter asks for Congress to remove Trump from office and for indictments to be filed against Trump. *Id.* He also seeks to have Rhay resign and for the mail sorters to be re-installed. *Id.* at 16-17.

### B. Legal Background

When a plaintiff is granted in forma pauperis status, the court screens his/her complaint to determine whether it should be dismissed as frivolous, malicious, or "fail[ing] to state a claim upon which relief may be granted" or for "seek[ing] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *Martin-Trigona*, 691 F.2d at 857; *see also Lundahl*, 2018 WL 3682503, at *1. Pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Native Am. Council of Tribes v. Solem*, 691 F.2d 382, 384 (8th Cir. 1982). Notwithstanding its liberal construction, a pro se complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 327-28 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). To avoid dismissal, a complaint "must show that the plaintiff 'is entitled to relief,' . . . by alleging 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.' " *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) (quoting *In re Pre-Filled Propane Tank Antitrust Litig.*, 860 F.3d 1059, 1063 (8th Cir. 2017)). To determine whether a

4

claim is plausible on its face is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A complaint must allege " 'more than labels and conclusions.' " *Torti*, 868 F.3d at 671 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### C. Legal Analysis

Hunter brings his petition for writ of mandamus under 28 U.S.C. §§ 1331 and 1361. Docket 1. The Mandamus Act gives "district courts . . . original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

One of the named defendants, Kristi Noem, is the governor of South Dakota. She is not an officer or employee of the United States or any agency thereof. The Mandamus Act only gives district courts original jurisdiction over federal employees. Therefore, she is entitled to dismissal from this lawsuit.

A writ of mandamus is an extraordinary remedy and appropriate in situations where (1) the petitioner has an "indisputable right to the relief sought, (2) the defendant has a nondiscretionary duty to honor that right, and (3) the petitioner has no other adequate remedy." *Castillo v. Ridge*, 445 F.3d 1057, 1060-61 (8th Cir. 2006). Whether to issue a writ is within the discretion of the district court. *See In re MidAmerican Energy Co.*, 286 F.3d 483, 486 (8th Cir. 2002) "The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted

all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984).

In his ex parte motion for an emergency preliminary injunction, Hunter "moves the Court for an emergency and an [i]mmediate issuance of a writ of mandatory injunction" that requires all citizens of the state of South Dakota and nationwide to wear a mask in public places. Docket 4 at 12-13. Because Hunter has failed to show that he has an indisputable right to the relief sought, he has exhausted all other avenues of relief, and he has no other adequate remedy at law, his ex parte motion for an emergency preliminary injunction is denied (Docket 4).

Thus, it is ORDERED:

1. That Hunter's motion for recusal and motion to proceed in forma pauperis (Docket 2) is granted in part and denied in part. Hunter may proceed in forma pauperis, but his motion for recusal is denied.

2. That Hunter's petition for writ of mandamus (Docket 1) is dismissed against all defendants without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

3. That Hunter's ex parte motion for an emergency preliminary injunction (Docket 4) is denied.

Dated October 14, 2020.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE